IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOE D. SOUTHARD, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-332-ECM-SMD |
| | ) | |
| J. DODSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant Donald Valenza's ("Valenza") Motion to Dismiss (Doc. 10). Previously, the undersigned entered an order requiring Plaintiff Joe D. Southard, II ("Southard"), to show cause, on or before February 9, 2023, why Valenza's Motion should not be granted. Order (Doc. 19). Southard failed to show cause by the deadline. Because of Southard's pro se status, the undersigned afforded him a final opportunity to show cause and ordered him to file his response on or before March 31, 2023. Order (Doc. 21) p. 1. The undersigned also advised Southard that, "should he fail to comply with [the] order, the undersigned will construe his failure to respond as abandonment of his claims and recommend that the claims against Defendant Valenza be dismissed without prejudice." *Id.* As of the date of this Recommendation, Southard has not filed a response.

Southard has received notice of Valenza's Motion to Dismiss and his multiple deadlines to respond. Moreover, the Orders (Docs. 19, 21) clearly explain the consequences of a failure to respond. Southard did not file a response or request an extension to do so.

Further, the mail did not return as undeliverable. Consequently, the undersigned finds that Southard has chosen to abandon his claims. Accordingly, the undersigned

RECOMMENDS that Southard's claims against Valenza be dismissed without prejudice, based on Southard's abandonment of those claims. The undersigned further

RECOMMENDS that Valenza's Motion to Dismiss (Doc. 10) be DENIED as MOOT. Finally, it is

ORDERED that the parties shall file any objections to this Recommendation **on or before April 26, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 12th day of April, 2023.

/s/ Stephen M. Doyle
_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE